PER CURIAM.
The opinion and compilation appended thereto filed May 18, 1966, are withdrawn and this opinion and attached compilation substituted therefor.
Appended to this order is a complete compilation of the Florida Rules of Civil Procedure and all amendments, revisions, forms or additions which have been made since June 20, 1962, adopted pursuant to the power vested in this Court by Article V of the Florida Constitution. This compilation and revision shall govern all proceedings within the scope of these rules after midnight December 31, 1966. This compilation and revision shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court.
Adopted and approved by the Court en banc June 15, 1966.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS, DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.
RULE 1.010. SCOPE AND TITLE OF RULES.
These rules apply to all suits of a civil nature and all special statutory proceedings in the Circuit Courts, County Judge’s Courts, County Courts and Civil Courts of Record except that the form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes providing for such proceedings unless these rules specifically provide-to the contrary. These rules shall be construed to secure the just, speedy and inexpensive determination of every action. These rules shall be known and cited as the-Rules of Civil Procedure and may be abbreviated as “RCP”.
Committee Note: See order of the Supreme Court of Florida effective January 1, 1950, adopting the existing common law and equity rules and former Common Law Rules 61 and 62 and former Equity Rule 79_ This rule is adapted somewhat from Federal Rule 1.
RULE 1.020. COURTS AND JUDGES.
(a) Court and Judge Synonymous. When-these rules refer to the court, they shall be-construed to apply to a judge thereof when, the context requires or permits.
(b) Presiding Judge.
(1) In circuit courts having more than-, two judges on active status:
A presiding judge of the court shall be-chosen by majority vote of the judges thereof on the first day of July, 1957, for a term-of two years. Successor presiding judges-shall be elected in the same manner for a like term. If a vacancy occurs, other than ■ through expiration of a term, a successor-shall be chosen within 60 days in the same • manner for the remainder of the term.
If the presiding judge dies, retires or is-unable to perform his duties, the judge having the longest continuous service as circuit judge shall perform such duties during - the disability or until a successor presiding - judge is elected.
(2) In circuit courts having two judges- ■ on active status:
The office of presiding judge shall be rotated between the judges. The term shall) *599 be two years. The judge having the longest continuous service as a circuit judge shall serve the first term beginning on the first day of July, 1957.
If the presiding judge dies, retires or is unable to perform his duties for any extended time, the remaining judge shall serve as presiding judge.
(c) Duties.
(1) The presiding judge shall be the administrative officer of the court and shall be responsible for the efficient and speedy disposition of the business of the court.
(2) As often as necessary to insure the efficient and speedy administration of justice, and not less frequently than bi-monthly, the presiding judge shall examine the dockets of the court in each county or require a report on the status of the cases on such dockets and thereupon take such action as may be necessary to cause said dockets to be made current.
(3) All circuit judges shall inform the presiding judge of any contemplated absences which will affect the progress of the court’s business and shall state the reasons for such absence.
(4) If any circuit judge is absent from the court or otherwise unable to perform his duties, or if for other reasons it appears to the presiding judge that the efficient and speedy administration of justice so requires, the presiding judge without delay shall request the Chief Justice of the Supreme Court to temporarily assign an additional judge or judges to duty in such circuit.
(d) Local Rides.
(1)All local rules concerning practice and procedure, not in conflict with any rule promulgated by the Supreme Court, which are in force in any trial court on July 1, 1957, are hereby recognized, ratified and confirmed, subject to formal approval or disapproval of the Supreme Court at such time as it may formally act thereon.
(2) Prior to October 1, 1957, each trial court shall submit seven copies of all local rules in effect on July 1, 1957, to the Supreme Court
(3) Such courts shall have power to amend, rescind and adopt local rules not in conflict with any rule promulgated by the Supreme Court, provided that any such action shall not be effective until approved by the Supreme Court
RULE 1.030. ATTORNEYS.
(a) Pleadings to be Signed by Attorney. Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name whose address shall be stated and who shall be duly licensed to practice law in Florida. He may be required by order of court to vouch for his authority to represent and to give the address of such party. Except when otherwise specifically provided by these rules or an applicable statute, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleading or other paper; that to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or other paper had not been served.
(b) Party not Represented by Attorney to Sign. A party who has no attorney but represents himself shall sign his pleading or other paper and state his address.
(c) Attorney not to be Surety. No attorney or other officer of court shall enter himself or be taken as bail or surety in any proceeding in court on pain of being considered in contempt.
(d) Stipulations. No private agreement or consent between parties or their attor *600 neys shall be of any force unless the evidence thereof is in writing, subscribed by the party or his attorney against whom it is alleged; provided that parole agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings and agreements made at depositions which are incorporated in the transcript thereof need not be signed when signing thereof is waived.
(e) Substitution of Attorneys. Attorneys for a party may be substituted at any time by order of court. No substitute attorney shall be permitted to appear in the absence of such an order. The court may condition such substitution upon payment of or security for the substituted attorney’s fee and expenses or upon such other terms as may be just.
Committee Note: Common Law Rule 12 and Equity Rule 7.
RULE 1.040. ONE FORM OF ACTION.
There shall be one form of action to be known as “civil action”.
Committee Note: Federal Rule 2.
RULE 1.050. WHEN ACTION COMMENCED.
Every action of a civil nature shall be deemed commenced when the complaint or petition is filed except that ancillary proceedings shall be deemed commenced when the writ is issued or the pleading setting forth the claim of the party initiating the action is filed.
Committee Note: Common Law Rule 4 and Equity Rule 4.
RULE 1.060. TRANSFERS OF ACTIONS.
(a)Transfers of Courts. If it should appear at any time that an action is pending in the wrong court of any county, it may be transferred to the proper court within said county by the same method as provided in Rule 1.170(j).
(b)Wrong Vevtue. When any action is filed laying venue in the wrong county or district, the court may transfer the action in the same manner as provided in Rule 1.170(j) to the proper court in any county or district where it might have been brought in accordance with the venue statutes. When the venue might have been laid in two or more counties or districts, the person bringing such action may select the county or district to which the action is transferred; but if no such selection is made, the matter shall be determined by the court.
Committee Note: Adapted from Equity Rule 75 and 53.17 F.S.
RULE 1.070. PROCESS.
(a) Summons — Issuance. Upon the commencement of the action summons or other process authorized by law shall be issued forthwith by the clerk or judge and' delivered for service without praecipe.
(b) Service — By Whom Made. Service of process may be made by any officer authorized by law to serve process but if such officer shall be disqualified or unable to act for any reason, the court may appoint any competent person not interested in the action to serve such process. The person serving process shall make proof of service promptly and in any event within the time during which the person served must respond to the process. If service is made by a person appointed by the court for such purpose, he shall make proof of service by affidavit. Failure to make proof of service shall not affect the validity of the service. When any process is returned not executed or returned improperly executed as to any defendant, the plaintiff shall be entitled to such additional process against such defendant as is required to effect service.
(c) Same — Numerous Defendants. If there is more than one defendant, the clerk *601 or judge shall issue as many writs of process against the several defendants as may he directed by the plaintiff or his attorney.
(d) Same — Proceed Against Those Served. When action is brought against two or more defendants and process is served on one or more, but not on all, and the person making service returns that any defendant not served does not reside in the county, the plaintiff may proceed against the defendants served, noting the fact of non-service as to the defendants not served or to the plaintiff at his option may order additional process to be delivered to the sheriffs of the counties in which such defendants reside to be served on them. Nothing in this rule shall be construed to prevent the plaintiff from bringing action thereafter against any defendant not served for the same claim but the plaintiff shall have satisfaction of only one judgment ren&ered for the same claim.
(e) Service by Publication. Service of process by publication may be made as provided by statute.
(f) Copies of Complaint for Defendants. At the time of personal service of process a copy of the complaint, affidavit, petition or other initial pleading shall be delivered to the party upon whom service is made. The date and hour of service shall be endorsed on the original summons and all copies of it by the person making the service.
(g) Constructive Service — Notice and Copies of Pleadings. When service is made by publication, copies of the plaintiff’s initial pleadings shall be furnished to the clerk and mailed by him with the notice of suit to all parties whose addresses are stated in the initial pleading or affidavit.
(h) Same — Plaintiff to Furnish Copies. The plaintiff shall furnish the person making service or mailing notice of suit with such copies as may be necessary.
(i) Fees — Service of Pleadings. The statutory compensation for making service shall not be increased by the simultaneous delivery or mailing of the copy of the initial pleading in conformity with this rule.
Committee Note: Common Law Rule 5 and Equity Rule 5, subsection (c), has been conformed in part to Federal Rule 4(g).
RULE 1.080. SERVICE OF PLEADINGS AND PAPERS.
(a) Services; When Required. Unless the court otherwise orders, every pleading subsequent to the initial pleading and every order or judgment not entered in open court and every other paper filed in the action, except applications for witness subpoena, shall be served on each party. No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them shall be served in the manner provided for service of summons.
(b) Same; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known,' by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean (1) handing it to the attorney or to the party or (2) leaving it at his office with his clerk or other person in charge thereof or (3) if there is no one in charge, leaving it in a conspicuous place therein or (4) if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents. Service by mail shall be complete upon mailing.
(c) Same; Numerous Defendants. In actions when the parties are unusually numerous, the court may regulate the service contemplated by these rules on motion or *602 on its initiative in such manner as may be found to be just and reasonable.
(d) Filing. All original papers shall be filed with the court either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing With the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with him in which event he shall note thereon the filing date and transmit them to the clerk.
(f) Certificate of Service.
When any attorney shall certify in substance:
“I certify that copy hereof has been furnished to (here insert name or names) by (delivery) (mail) this _ day of -, 19__ Attorney”
the certificate shall be taken as prima facie proof of such service in compliance with these rules.
Committee Note: Adaptation of Common Law Rule 6 and Equity Rule 6.
RULE 1.090. TIME.
(a)Computation. In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules or by notice given thereunder, for cause shown the court at any time in its-discretion (1) with or without notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect but it may not extend the time for making a motion for new trial,, motion for rehearing or motion to alter or amend a judgment or a motion for relief from a judgment under Rule 1.540(b) or for taking an appeal or filing petition for certiorari or for making'a motion for a directed verdict.
(c) Unaffected by Expiration of Term. The period of time provided for the doing of any act or the taking of any proceeding shall not be affected or limited by the continued existence or expiration of a term of court. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any action which is or has been pending before it.
(d) For Motions. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(e) Additional Time After Service by Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.
Committee Note: Based on Common Law Rule 3 and Federal Rule 6.
*603 RULE 1.100. PLEADINGS AND MOTIONS.
(a) Pleadings. There shall he a complaint or when so designated by statute or rule, a petition, and an answer thereto; an answer to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint if a person who was not an original party is summoned as a third party defendant and a third party ánswer if a third party complaint is served. No other pleadings shall be allowed except the •court may order a reply to an answer or third party answer.
(b) Motions. An application to the •court for an order shall be by motion which shall be made in writing unless made during a hearing or trial, shall state with particularity the grounds therefor and shall ■set forth the relief or order sought. The requirement of writing is fulfilled if the ■motion is stated in a written notice of the hearing of the motion.
(c) Contents. Every pleading shall contain a caption setting forth the name of the •court, the file number and a designation as in subdivision (a) or (b) of this rule and the name of the first party on each side with an appropriate indication of other parties.
(d) Motion in Lieu of Scire Facias. Any relief available by scire facias may be granted on motion after notice without the issuance of a writ of scire facias.
Committee Note: Adaptation of Federal Rule 7(a), 10(a) and Common Law Rule 8.
RULE 1.110. GENERAL RULES OF PLEADING.
(a) Forms of Pleadings. Forms of action and technical forms for seeking relief and of pleas, pleadings or motions are abolished.
(b) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third party claim must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the court’s jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief.
(c) The Answer. In his answer a pleader shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments on which the adverse party relies. If the defendant is without knowledge, he shall so state and such statement shall operate as a denial. Denial shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part of an averment, he shall specify so much of it as is true and shall deny the remainder. Unless the pleader intends in good faith to controvert all of the averments of the preceding pleading, he may make his denials as specific denials of designated averments or he may generally deny all of the aver-ments except such designated averments as he expressly admits, but when he does so intend to controvert all of its averments, including averments of the grounds upon which the court’s jurisdiction depends, he may do so by general denial.
(d) Affirmative Defenses. In pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver and any other matter constituting an avoidance or affirmative defense. When a party has mis *604 takenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, shall treat the pleading as if there had been a proper designation. Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under Rule 1.140(b) ; provided this shall not limit amendments under Rule 1.190 even if such ground is sustained.
(e) Effect of Failure to Deny. Aver-ments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.
(f) Separate Statements. All averments of claim or defense shall be made in consecutively numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances and a paragraph may be referred to by number in all subsequent pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense when a separation facilitates the clear presentation of the matters set forth.
(g) Joinder of Causes of Action; Consistency. A pleader may set up in the same action as many claims or causes of action or defenses in the same right as he has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if two or more causes of action are joined. A party may also set forth two or more statements of a claim or defense alternatively, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or equitable grounds or both. All pleadings shall be construed so as to da substantial justice.
Committee Note: Adaptation of Common Law Rule 9, Equity Rules 28 and 34, and Federal Rule 8(a). Subsection (b) more closely conforms to Federal Rule 8-(b)but the last sentence is similar to Federal Rule 54(c).
RULE 1.120. PLEADING SPECIAL. MATTERS.
(a) Capacity. It is not necessary to aver the capacity of a party to sue or to be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment which shall include such supporting particulars as are peculiarly within the pleader’s knowledge.
(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit. Malice, intent, knowledge, mental attitude and other condition of mind of a person-may be averred generally.
(c) Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.
(d) Official Document or Act. In pleading an official document or official act it is sufficient to aver that the document *605 was issued or the act done in compliance with law.
(e) Judgment or Decree. In pleading a judgment or decree of a domestic or foreign court, judicial or quasi-judicial tribunal, or of a board or officer, it is sufficient to aver the judgment or decree without setting forth matter showing jurisdiction to render it.
(f) Time and Place. For the purpose of testing the sufficiency of a pleading, aver-ments of time and place are material and shall be considered like all other averments of material matter.
(g) Special Damage. When items of special damage are claimed, they shall be specifically stated.
Committee Note: Common Law Rule 10.
RULE 1.130. ATTACHING COPY OF CAUSE OF ACTION AND EXHIBITS.
(a) Instruments Attached. All bonds, notes, bills of exchange, contracts, accounts or documents upon which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading. No papers shall be unnecessarily annexed as exhibits. The pleadings shall contain no unnecessary recitals of deeds, documents, contracts or other instruments.
(b) Part for all Purposes. Any exhibit attached to a pleading shall be considered a part thereof for all purposes. Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion.
Committee Note: Consolidation of Common Law Rule 11 and Equity Rule 22. Subsection (b) includes language in Federal Rule 10(c).
RULE 1.140. DEFENSES.
(a) When Presented. A defendant shall serve his answer within twenty days after service of original process and the original pleading upon him, or not later than the date fixed in a notice by publication, which date shall be not less than twenty-eight nor more than sixty days after the first publication of the notice. A party served with a pleading stating a cross-claim against him shall serve an answer thereto within twenty days after service upon him. The plaintiff shall serve his answer to a counterclaim within twenty days after service of the counterclaim, or if a reply is ordered by the court, within twenty days after service of the order unless the order otherwise directs. The service of a motion under this rule (except a motion for judgment on the pleadings) alters these periods of time as follows unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the reponsive pleading shall be served within ten days after notice of the court’s action; (2) if the court grants a motion for a more definite statement, the responsive pleading shall be served within ten days after service of the more definite statement.
(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, shall be asserted in the responsive pleading thereto if one is required except that the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (S) insufficiency of service of process, (6) failure to state a cause of action, (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not so stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction *606 of the subject matter may be made at any time. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief.
(c) Motion for Judgment on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.
(d) Preliminary Hearings. The defenses 1 to 7 in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment in subdivision (c) of this rule shall be heard and determined before trial on application of any party unless the court orders that the hearing and determination shall be deferred until the trial.
(e) Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within ten days after notice of the order or such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.
(f) Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty days after the service of the pleading upon him or upon the court’s initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.
(g) Consolidation of Defenses. A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted, except as provided in subdivision (h) of this rule.
(h) Waiver of Defenses. A party waives all defenses and objections which he does not present either by motion as herein provided or, if he has made no motion, in his answer or reply except (1) that the defense of failure to state a cause of action, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits and (2) that when it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. The objection or defense, if made at the trial, shall be disposed of as provided in Rule 1.190(b) in the light of any evidence that may have been received.
Committee Note: Substantially the same as Common Law Rule 13 and Equity Rule 33. Subsection (b), (6) is amended to restore demurrer practice to the extent of requiring the specific grounds of defensive motions to be stated.
RULE 1.150. SHAM PLEADINGS.
(a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, he may move to strike said pleading or part thereof before the cause is set for trial and the court shall hear said motion, taking evidence of the *607 respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.
(b)Same — Contents. The motion to strike shall be verified and shall set forth fully the facts on which the movant relies and may be supported by affidavit. No traverse of the motion shall be required.
Committee Note: Combination of Common Law Rule 14 and Equity Rule 32.
RULE 1.160. MOTIONS.
All motions and applications in the clerk’s office for the issuance of mesne process and final process to enforce and execute judgments, for entering defaults, and for such other proceedings in the clerk’s office as do not require an order of court shall be deemed motions and applications grantable as of course by the clerk. The clerk’s action may be suspended or altered or rescinded by the court upon cause shown.
Committee Note: Adaptation of Equity Rule 2.
RULE 1.170. COUNTERCLAIMS AND CROSS-CLAIMS
(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state a claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim and the pleader is not stating a counterclaim under this rule.
(b) Permissive Counterclaim. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party’s claim.
(c) Counterclaim Exceeding Opposing Claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.
(d) Counterclaim Against the State. These rules shall not be construed to enlarge beyond the limits established by law the right to assert counterclaims or to claim credits against the State or any of its subdivisions or other governmental organizations thereof subject to suit or against a municipal corporation or against an officer, agency or administrative board of the State-
(e) Counterclaim Maturing or Acquired' After Pleading. A claim which matured or was acquired by the pleader after serving his pleading may be presented as a counterclaim by supplemental pleading with the permission of the court.
(f) Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect or when justice requires, he may set up the counterclaim by amendment with leave of the court.
(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. The cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of *608 a claim asserted in the action against the cross-claimant.
(h) Additional Parties May be Brought In. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules if jurisdiction of them can he •obtained and their joinder will not deprive the court of jurisdiction of the action.
(i) Separate Trials; Separate Judgment. If the court orders separate trials as provided in Rule 1.270(b), judgment on a •counterclaim or cross-claim may be rendered when the court has jurisdiction to do so even if a claim of the opposing party has been dismissed or otherwise disposed of.
(j) Demand Exceeding Jurisdiction; Transfer of Cause. If the demand of any counterclaim or cross-claim exceeds the jurisdiction of the court where the action is pending, the action shall be transferred forthwith to the court of the same county having jurisdiction of the demand in the counterclaim or cross-claim with only such alterations in the pleadings as are essential. The court shall order the transfer of the action and the transmittal of all papers therein to the proper court and thereupon the original papers shall be transmitted and filed, together with a certified copy of the order. The court to which the action is transferred shall have full power and jurisdiction over the demands of all parties.
Committee Note: Adaptation of Equity Rule 35, F.S. 52.11, and F.S. 52.12(1). Third party practice is provided for. See Federal Rule 14.
RULE 1.180. THIRD PARTY PRACTICE
(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiffs claim against him. The third party plaintiff need not obtain leave to make the service if he files the third party complaint not later than twenty days after he serves his original answer; otherwise, he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third party complaint, herein called the third party defendant, shall make his defenses to the third party plaintiff’s claim as provided in Rule 1.110 and 1.140 and his counterclaims against the third party plaintiff and cross-claims against other third party defendants as provided in Rule 1.170. The third party defendant may assert against the plaintiff any defenses which the third party plaintiff has to the plaintiff’s claim. The third party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff’s claim against the third party plaintiff. The plaintiff may assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff’s claim against the third party plaintiff and the third party defendant thereupon shall assert his defenses as provided in Rules 1.110 and 1.140 and his counterclaims and cross-claims as provided in Rule 1.170. Any party may move to strike the third party claim or for its severance or separate trial. A third party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third party defendant.
(b) When Plaintiff May Bring in Third Party. When a counterclaim is asserted against the plaintiff, he may bring in a third party under circumstances which would entitle a defendant to do so under this rule.
Committee Note: See Federal Rule 14.
*609 RULE 1.190. AMENDED AND SUPPLEMENTAL PLEADINGS.
(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party and leave shall be given freely when justice so requires. A party shall plead in response to an amended pleading within twenty days after service of the amended pleading unless the court otherwise orders; provided that if a motion or pleading has been served in response to a prior pleading and a party does not plead or move in response to the amended pleading, the original response shall be considered as pleaded to the amended pleading.
(b) Amendments to Conform zvith the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.
(c) Relation Bach of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
(d) Supplemental Pleadings. Upon motion of a party the court may permit him, upon reasonable notice and upon such terms as are just, to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor.
(e) Amendments Generally. At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
Committee Note: Consolidation of Common Law Rule IS and Equity Rule 26 and 36.
RULE 1.200. PRE-TRIAL PROCEDURE.
After all issues are settled the court may of its own motion or shall on motion of any party to the action require the attorneys for the parties to appear before it for conference to consider and determine:
(1) The simplification of the issues;
(2) The necessity or desirability of amendments to the pleadings;
(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
(4) The limitation of the number of expert witnesses;
*610 (5) The advisability of a preliminary reference of issues to a master for findings of fact for use by the court for pretrial purposes;
(6) Such other matters as may aid in the disposition of the action.
The court shall make an order reciting the action taken at the conference, the amendments allowed to the pleadings and the agreements made by the parties as to any of the matters considered and limiting the issues for trial to those not disposed of by admissions or agreements of counsel. The order shall control the subsequent course of the action unless modified at the trial to prevent injustice. The court may establish by rule a pre-trial calendar on which actions may be placed for consideration.
The court shall serve a copy of its order setting a pre-trial conference on the attorneys for the parties not less than twenty days prior to the conference. Upon failure of an attorney for a party to attend the conference, the court may dismiss the suit or strike the answer or take such action as justice requires.
Committee Note: Common Law Rule 16 and Equity Rule 77. Subsection (5) is adapted from Federal Rule 16.
RULE 1.210. PARTIES.
(a)Parties Generally. Every action may be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another or a party expressly authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest may be joined on the same side as plaintiffs or defendants, and when any one refuses to join, he may for such reason be made a defendant.
(b) Infants or Incompetent Persons. When an infant or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.
(c) Trustees May Represent Beneficiaries. In actions concerning property to which title is vested in trustees, where such trustees are competent to sell and give discharges for the proceeds of the sale, or the rents, income or profits of the estate, all, or any of such trustees, shall represent the persons beneficially interested in the estate or the proceeds, or the rents, income or profits, and in such actions it shall not be necessary to make the persons beneficially interested in such property, or rents, income or profits, parties to the suit; but the court may order such persons beneficially interested to be made parties.
(d) Action to Execute Trusts of Will: Heir as Party. In actions to execute the trusts of a will, it shall not be necessary to make the heir at law a party but plaintiff may make the heir at law a party where he desires to have the will established against such heir.
Committee Note: Subsection (a) is substantially the same as Equity Rule 8. Subsection (b) is adapted from Equity Rule IS and Federal Rule 17(c). Subsection (c) *611 is Equity Rule 12. Subsection (d) is Equity Rule 13.
RULE 1.220. CLASS ACTIONS.
When the question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole.
Committee Note: Equity Rule 14.
RULE 1.230. INTERVENTIONS.
Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
Committee Note: Equity Rule 9.
RULE 1.240. INTERPLEADER.
Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claim of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties otherwise permitted.
Committee Note: Substantially the same as Federal Rule 22(1).
RULE 1.250. MISJOINDER AND NON-JOINDER OF PARTIES.
Misjoinder of parties shall not be ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.
Committee Note: Common Law Rule 17.
RULE 1.260. SURVIVOR. SUBSTITUTION OF PARTIES.
(a) Death,
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in Rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action shall not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.
(b) Incompetency. If a party becomes incompetent, the court, upon motion served as provided in subdivision (a) of this rule, may allow the action to be continued by or against his representative.
(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to *612 be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.
(d) Public Officers; Death or Separation from Office.
(1) When a public officer is a party to an action in his official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.
(2) When a public officer sues or is sued in his official capacity, he may be described as a party by his official title rather than by name but the court may require his name to be added.
Committee Note: Combination of Common Law Rule 19 and Equity Rules 10 and 19. Subsection (c) is from Federal Rule 25 (c). Subsections (a) and (d) are changed to conform to Federal Rule 25(a) and (d).
RULE 1.270. CONSOLIDATION: SEPARATE TRIALS.
(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim or third party claim or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues.
Committee Note: Substantially the same as Federal Rule 42.
RULE 1.280. DEPOSITIONS PENDING ACTION.
(a) When depositions may be taken. Any party may take the deposition of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. After commencement of the action the deposition may be taken without leave of court except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within twenty days after service of process on the defendant. The attendance of witnesses may be compelled by the use of subpoenas as provided by law. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.
(b) Scope of Examination. Unless otherwise ordered by the court as provided herein, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.
(c) Examination and Cross Examination. Examination and cross examination of deponent may proceed as permitted at the trial.
*613 (d) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director or managing agent of a public or private corporation, partnership or association which is a party may be used by an adverse party for any purpose.
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (1) That the witness is dead; or (2) that the witness is at a greater distance than one hundred miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or (3) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or (4) that the party offering the deposition has been unable to procure the attendance of the witness; or (5) upon application and notice, that such exceptional circumstances exist as to make it desirable in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(4) If only a part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts.
(e) Substitution of Parties. Substitution of parties does not affect the right to use depositions previously taken. When an action in any court of the United States or of any state has been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor.
(f) Objections to Admissibility. Subject to the provisions of Rule 1.300(b) or Rule 1.330(c), objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.
(g) Effect of Taking or Using Deposition. A party shall not be deemed to make a person his own witness for any purpose by taking his deposition. The introduction in evidence of a deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition as described in paragraph (2) of subdivision (d) of this rule. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party.
Committee Note: Based on Common Law Rule 20, Equity Rule 47(d), and Federal Rule 26.
RULE 1.290. DEPOSITIONS BEFORE ACTION OR PENDING APPEAL.
(a) Before Action.
(1) Petition. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner *614 expects to be a party to an action cognizable in a court of Florida, but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expected action and his interest therein, (3) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, (4) the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each and shall ask for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition for the purpose of perpetuating their testimony.
(2) Notice and Service. The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court at a time and place named therein for an order described in the petition. At least twenty days before the date of hearing the notice shall be served either within or without the county in the manner provided by law for service of summons but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make an order for service by publication or otherwise, and shall appoint an attorney for persons not served in the manner provided by law for service of summons who shall represent them, and if they are not otherwise represented, shall cross-examine the deponent.
' (3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the deposition shall be taken upon oral examination or written interrogatories. The deposition may then be taken in accordance with these rules and the court may make orders in accordance with the requirements of these rules. For the purpose of applying these rules to depositions for perpetuating testimony each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.
(4) Use of Deposition. If a deposition to perpetuate testimony is taken under these rules, it may be used in any action involving the same subject matter subsequently brought in any court of Florida in accordance with the provisions of Rule 1.280(d).
(b) Pending Appeal. If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court. In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition upon the same notice and service as if the action was pending in the court. The motion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each and (2) the reason for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay in justice, it may make an order allowing the deposition to be taken and may make orders of the character provided for by these rules, and thereupon the deposition may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the court.
(c) Perpetuation by Action. This rule does not limit the power of a court to entertain an action to perpetuate testimony.
(d) Deposition de bene esse. If a person desires to perpetuate the testimony of himself or another person about any mat *615 ter cognizable in any court of this state and it is urgent to take such testimony because the person is bound on a voyage at sea, or is about to leave Florida, or to go out of the county in which the action may be instituted before the time of trial or when he is old or infirm, the deposition may be taken without complying with the requirements of subdivision (a) of this rule. Reasonable notice must be given in writing by the party proposing to take such deposition to those whom he expects to be adverse parties, which notice shall state the name of the witness or witnesses, the time and place of his deposition, the name of the officer taking it and the reason for taking such deposition. When the giving of such notice is impracticable because of the absence from the jurisdiction of the court of the prospective adverse party or for any other reason, such deposition may be taken upon such notice as the court in which the action may be instituted deems reasonable. Any person may be compelled to appear and testify as provided in this rule in the same manner as witnesses may be compelled to appear and testify in court. Depositions to perpetuate testimony taken under this subsection may be used in any action involving the same subject matter subsequently brought in any court of Florida in accordance with and under the terms and conditions as provided in Rule 1.280(d).
Committee Note: Common Law Rule 21 and Equity Rule 47(d).
RULE 1.300. PERSONS BEFORE WHOM DEPOSITIONS MAY BE TAKEN.
(a) Persons Authorized. Depositions may be taken before any notary public or judicial officer or before any officer authorized by the statutes of Florida to take acknowledgments or proof of executions of deeds or by any person appointed by the court in which the action is pending.
(b) In Foreign Countries. In a foreign country depositions may be taken (1) on notice before a person authorized to administer oaths in the place in which the examination is held, either by the law thereof or by the law of Florida or of the United States or (2) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of his commission to administer any necessary oath and take testimony or (3) pursuant to a latter rogatory. A commission or a letter rogatory shall be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of a commission or a letter rogatory that the taking of the deposition in any other manner is impracticable or inconvenient and both a commission and a letter rogatory may be issued in proper cases. A notice or commission may designate the person before whom the deposition is to be taken either by name or descriptive title. A letter rogatory may be addressed “To the Appropriate Authority in (herein name the country)”. Evidence obtained in response to a letter rogatory need not be excluded merely for the reason that it is not a verbatim transcript or that the testimony was not taken under oath or any similar departure from the requirements for depositions taken within Florida under these rules.
(c) Selection by Stipulation. If the parties so stipulate in writing, depositions may be taken before any person at any time or place upon any notice and in any manner and when so taken may be used like other depositions.
(d) Persons Disqualified. Unless so stipulated by the parties no deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties or is a relative or employee of such attorney or counsel or is financially interested in the action.
Committee Note: Common Law Rule 22 and Equity Rule 47(d). Subsection (b) is from Federal Rule 28(b).
*616 RULE 1.310. DEPOSITIONS UPON ORAL EXAMINATION.
(a) Notice of Examination: Time and Place. A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs. On motion of any party upon whom the notice is served, the court may enlarge or shorten the time for cause shown.
(b) Orders for the Protection of Parties and Deponents. After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken or that it may be taken only at some designated place other than that stated in the notice or that it may be taken only on written interrogatories or that certain matters shall not be inquired into or that the scope of the examination shall be limited to certain matters or that the examination shall be held with no one present except the parties to the action and their officers or counsel or that after being sealed the deposition shall be opened only by order of the court or that secret processes, developments or research need not be disclosed or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment or oppression.
(c) Record of Examination: Oath: Objections: Submitting Written Cross Questions. The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under his direction and in his presence, record the testimony of the witness. The testimony shall be recorded verbatim stenographically or by mechanical means and transcribed unless the parties agree otherwise. All objections made at the time of the examination to the qualifications of the officer taking the deposition or to the manner of taking it or to the evidence presented or to the conduct of any party and any other objection to the proceedings shall be noted by the officer upon, or shall be attached to, the deposition. Evidence objected to shall be taken subject to the objections. In lieu of participating in the oral examination parties served with notice of taking a deposition may transmit written interrogatories to the officer who shall propound them to the witness and record the answers verbatim.
(d) Motion to Terminate or Limit Examination. At any time during the taking of the deposition on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition as provided in subdivision (b) of this rule. If the order terminates the examination, it shall be resumed only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses as the court may deem reasonable.
(e) Submission to Witness: Changes: Signing. When the testimony is fully tran *617 scribed, the deposition shall be submitted to the witness for examination and shall be read to or by him unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the fitness unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor and the deposition may then be used as fully as though signed unless on a motion to suppress under Rule 1.330(d) the court holds that the reasons given for the refusal to sign require rejection of the deposition.in whole or in part.
(f) Certification and Filing by Officer: Copies: Notice of Filing.
(1) The officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope indorsed with the title of the action and marked “deposition of (here insert name of witness)” and shall promptly file it with the court in which the action is pending or send it by registered mail to the clerk thereof for filing.
(2) Upon payment of reasonable charges therefor the officer shall furnish a copy of the deposition to any party or to the deponent.
(3) The party taking the deposition shall give prompt notice of its filing to all other parties.
(g) Failure to Attend or to Serve Subpoena: Expenses.
(1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the amount of the reasonable expenses incurred by him and his attorney in so attending, including reasonable attorney’s fees.
(2) If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon him and the witness because of such failure does not attend and if another party attends in person or by attorney because he expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such other party the amount of the reasonable expenses incurred by him and his attorney in so attending, including reasonable attorney’s fees.
Committee Note: Common Law Rule 23 and Equity Rule 47(d).
RULE 1.320. DEPOSITIONS OF WITNESSES UPON WRITTEN INTERROGATORIES.
(a) Serving Interrogatories; Notice. A party desiring to take the deposition of any person upon written interrogatories shall serve them upon every other party with a notice stating the name and address of the person who is to answer them and the name or descriptive title and address of the officer before whom the deposition is to be taken. Within 10 days thereafter a party so served may serve cross interrogatories upon the party proposing to take the deposition. Within 5 days thereafter the latter may serve redirect interrogatories upon a party who has served cross interrogatories. Within 3 days after being served with redirect interrogatories a party may serve re-cross interrogatories upon the party proposing to take the deposition.
(b) Officer to Take Responses and Prepare Record. A copy of the notice and copies of all interrogatories served shall be delivered by the party taking the deposi *618 tion to the officer designated in the notice, who shall promptly proceed to take the testimony of the witness in the manner provided by Rule 1.310(c), (e) and (f) in response to the interrogatories and to prepare, certify and file or mail the deposition, attaching thereto the copy of the notice'and the interrogatories received by him.
(c) Notice of Filing. When the deposition is filed, the party taking it shall promptly give notice thereof to all other parties.
(d) Orders for the Protection of Parties and Deponents. After the service of interrogatories and prior to the taking of the testimony of the deponent, the court in which the action is pending, on motion promptly made by a party or a deponent and upon notice and good' cause shown, may make any order specified in Rule 1.340 which is appropriate and just or an order that the deposition shall not be taken before the officer designated in the notice or that it shall not be taken except upon oral examination.
Committee Note: Common Law Rule 24 and Equity Rule 47(d).
RULE 1.330. EFFECT OF ERRORS AND IRREGULARITIES IN DEPOSITIONS.
(a) As to Notice. All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice.
(b) As to Disqualification of Officers. Objection to taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.
(c) As to Taking of Deposition.
(1)Objections to the competency of a witness or to the competency, relevancy or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one which might have been obviated or removed if presented at that time.
(2) Errors and irregularities occurring at the oral examination in the manner of taking the deposition in the form of the questions or answers, in the oath or affirmation or in the conduct of parties and errors of any kind which might be obviated, removed or cured if promptly presented are waived unless seasonable objection thereto is made at the taking of the deposition.
(3) Objections to the form of written interrogatories submitted under Rule 1.320 are waived unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other interrogatories and within three days after service of the last interrogatories authorized.
(d)As to Completion and Return of Deposition. Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed or otherwise dealt with by the officer under Rules 1.310 and 1.320 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained.
Committee Note: Common Law Rule 25, Equity Rule 47 (d) and Equity Rule 53.
RULE 1.340. INTERROGATORIES TO PARTIES.
Any party may serve upon any other party written interrogatories to be answered by the party served or if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may be served after commencement of the action and without leave of court, except that if service is made by the plaintiff *619 within ten days after service of process on the defendant leave of court, granted with or without notice, • must be first obtained. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them and the party upon whom the interrogatories have been served shall serve a copy of the answers within twenty days after service of interrogatories unless the court, on motion and notice for good cause shown, enlarges or shortens the time. Within ten days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined.
Interrogatories may relate to any matters which can be inquired into under Rule 1.280(b) and the answers may be used to the same extent as provided in Rule 1.280(d) for the use of the deposition of a party. Interrogatories may be served after a deposition has been taken and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may make such protective order as justice may require. The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment or oppression. The provisions of Rule 1.310(b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule.
Answers made by a party shall not be binding on a co-party.
Committee Note: Common Law Rule 26 and Equity Rule 47(d).
RULE 1.350. DISCOVERY AND PRODUCTION OF DOCUMENTS AND THINGS.
On motion of any party showing good cause therefor and upon notice to all parties and subject to the provisions of Rule 1.310(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing by or on behalf of the moving party of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 1.280(b) and which are in his possession, custody or control or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying or photographing the property or any designated object or operation thereon within the scope of the examinations permitted by Rule 1.280(b). The order shall specify the time, place and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just.
Committee Note: Common Law Rule 27 and Equity Rule 47(d).
RULE 1.360. EXAMINATION OF PARTIES AND PROPERTY.
(a) Order for Examination. In any action in which the mental or physical condition of a party or injury to property is in controversy, the court in which the action is pending may order such party to submit to a physical or mental examination by a physician or other qualified expert in advance of the trial or may order an examination of the property alleged to have been damaged or injured by the defendant or his agent or of the party alleged to have caused the damage or injury. The order may be made only on good cause shown and on notice to the party to be examined and to all other parties and to all persons in whose custody such property may then be and shall specify the time, place, manner, condition and scope of the examination and the person or persons by whom it is to be made.
*620 (b) Report of Findings.
(1) If requested by the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician or other expert, setting out his findings and conclusions. After such request and delivery the party causing the examination to be made shall be entitled upon request to receive from the party examined a like report of any examination of the same mental or physical condition previously or thereafter made. If the party examined refuses to deliver such report, on motion and notice the court may make an order requiring delivery on such terms as are just and if a physician or other such qualified expert fails or refuses to make such a report, the court may exclude his testimony if offered at the trial.
(2) By requesting and obtaining a report of the .examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition.
Committee Note: Common Law Rule 28 and Equity Rule 47 (d).
RULE 1.370. ADMISSION OF FACTS AND GENUINENESS OF DOCUMENTS.
(a) Request for Admission. After commencement of an action a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth in the request. If a plaintiff desires to serve a request within ten days after service of process on the defendant, leave of court, granted with or without notice, must be obtained. Copies of the documents shall be served with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless within a period designated in the request not less than twenty days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part together with a notice of hearing the objections at the earliest practicable time. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission and when good faith requires that a party deny only a part or. a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder.
(b) Effect of Admission. Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding.
Committee Note: Common Law Rule 29 and Equity Rule 47(d).
RULE 1.380. REFUSAL TO MAKE DISCOVERY: CONSEQUENCES.
(a) Refusal to Answer. If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned as the proponent of the *621 question may prefer. Thereafter on reasonable notice to all parties and the deponent, the proponent of the question may apply to the circuit court in the county where the deposition is taken, if taken out of the county where the action is pending, or the court having jurisdiction of the action for an order compelling an answer. Upon the refusal of a deponent to answer any interrogatory submitted under Rule 1.320 or upon the refusal of a party to answer any interrogatory submitted under Rule 1.340, the proponent of the question may on like notice make like application for such an order. If the motion is granted and the court hearing the motion finds that the refusal was without substantial justification, it may enforce its order by contempt. The court having original jurisdiction of the action may require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order including reasonable attorney’s fees. If the motion is denied by the court hearing it and said court finds that the motion was made without substantial justification, the court having original jurisdiction of the action may require the examining party or the attorney advising the motion or both of them to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the motion including reasonable attorney’s fees.
(b) Failure to Comply with Order.
(1) Contempt. If a party or other witness refuses to be sworn or refuses to answer any question after being directed to do so by the circuit court in the county in which the deposition is being taken, the refusal shall be considered a contempt of that court.
(2) Other Consequences. If any party or an officer or managing agent of a party refuses to obey an order made under subdivision (a) of this rule requiring him to answer designated questions or an order made under Rule 1.3S0 to produce any document or other thing for inspection, copying or photographing or to permit it to be done or to permit entry upon land or other property or an order made under Rule 1.360 requiring him to submit to a physical or mental examination, the court may make such orders in regard to the refusal as are just, and among others the following:
(i) An order that the matters regarding which the questions were asked or the character or description of the thing or land or the contents of the paper or the physical or mental condition of the party or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
(ii) An order denying the disobedient party the privilege of supporting or opposing designated claims or defenses or prohibiting him from introducing in evidence designated documents or things or items of testimony or from introducing evidence of physical or mental condition;
(iii) An order striking out pleadings or parts thereof or staying further proceedings until the order is obeyed or dismissing the action or proceeding or any part thereof or rendering a judgment by default against the disobedient party;
(iv) An order in lieu of any of the foregoing orders or in addition thereto directing the arrest of any party or agent of a party for disobeying any of such orders except an order to submit to a physical or mental examination.
(c) Expenses on Refusal to Admit. If a party, after being served with a request under Rule 1.370 to admit the genuineness of any documents or the truth of any matters of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matter of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred *622 in making such proof including reasonable attorney’s fees. Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made.
(d) Failure of Party to Attend or.Serve Answers. If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition after being served with a proper notice or fails to serve answers to interrogatories submitted under Rule 1.340 after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.
Committee Note: Common Law Rule 30 and Equity Rule 47(d).
RULE 1.390. DEPOSITIONS OF 'EXPERT WITNESSES.
(a) Definition. The term “expert witness” as used herein applies exclusively to a person duly and regularly engaged in the practice of his profession who holds a professional degree from a university or college and has had special professional training and experience or one possessed of special knowledge or skill about the subject upon which he is called to testify.
(b) Procedure. The testimony of an expert or skilled witness may be taken at any time before the trial upon reasonable notice in the manner provided for taking depositions under Rule 1.280 or Rule 1.290 notwithstanding the residence of the witness; provided that the court may, upon proper objection by opposing counsel pursuant to due notice disallow the taking of such deposition and require the attendance of such witness in person at the trial if the court finds that such personal appearance at the trial is necessary to insure a fair and impartial trial. Such objection shall be made to the court before taking the deposition; otherwise, the same may be used in evidence if otherwise admissible. A deposition taken under this rule and any deposition taken of an expert witness under any other rule may be used in any manner permitted by Rule 1.280(d).
(c) Fee. An expert or skilled witness whose deposition is taken shall be allowed a witness fee in such reasonable amount as the court may determine and it shall be taxed as costs.
(d) Applicability. Nothing in this rule shall prevent the taking of any deposition as otherwise provided by law.
Committee Note: Equity Rule 47. See also F.S. 90.23.
RULE 1.400. DEPOSITION DEEMED PUBLISHED WHEN FILED.
Upon the filing of any deposition or affidavit taken under any rule or statute it shall be deemed published, unless otherwise ordered by the court, and may be opened and examined by any party in the presence of the clerk. The clerk may unseal the deposition and file it with other papers in the court file.
Committee Note: Adaptation of Equity Rule 52.
RULE 1.410. SUBPOENA.
(a) For Attendance of Witnesses; Form; Issuance. Every subpoena shall be issued by the clerk under the seal of the court, shall state the name of the court and the title of the action and shall command each person to whom it is directed to attend and give testimony at a time and place therein specified. The clerk shall issue a subpoena or a subpoena for the production of documentary evidence signed and sealed but otherwise in blank to a party requesting it who shall fill it in before service without praecipe.
(b) For Production of Documentary Evidence. A subpoena may also command the person to whom it is directed to produce the books, papers, documents or tangible *623 things designated therein hut the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents or tangible things. A party seeking production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in Rule 1.080(b). Such notice shall have the same effect and be subject to the same limitations as a subpoena served on the party.
(c) Service. A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than twenty-one years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fee for one day’s attendance and the mileage allowed by law. Proof of such service shall be made by affidavit of the person making service if not served by an officer authorized by law to do so.
(d) Subpoena for Taking Depositions; Place of Examination.
(1) Proof of service of a notice to take a deposition as provided in Rules 1.310(a) or 1.320(a) constitutes a sufficient authorization for the issuance of subpoenas for the persons named or described therein by the clerk of the court in which the action is pending. The subpoena may command the person to whom it is directed to produce designated books, papers, documents or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 1.280(b), but in that event the subpoena will be subject to the provisions of Rule 1.310(b) and subdivision (b) of this rule.
(2) A person may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person or at such other convenient place as may be fixed by an order of court.
(e) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued.
(f) Depositions before Commissioners appointed in this state by courts of other states, subpoena, powers, etc. When any person authorized by the laws of Florida to administer oaths shall be appointed by a court of record of any other state, jurisdiction or government as commissioner to take the testimony of any named witness within this state, such witness may be compelled to attend and testify before such commissioner by witness subpoena issued by the clerk of any circuit court at the instance of said commissioner or by other process or proceedings in the same manner as if said commissioner had been appointed by a court of this state; provided that no document or paper writing shall be compulsorily annexed as an exhibit to such deposition or otherwise permanently removed from the possession of the witness producing it, but in lieu thereof, a photostatic copy may be annexed to and transmitted with such executed commission to the court of issuance.
Committee Note: An adaptation of Federal Rule 45.
RULE 1.420. DISMISSAL OF ACTIONS.
(a) Voluntary Dismissal; Effect thereof.
(1) By Parties. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at *624 any time before a bearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim. If a lis pendens has been filed in the action, a notice or stipulation of dismissal under this paragraph shall be recorded and cancels the lis pendens without the necessity of an order of court.
(2) By Order of Court; if Counterclaim. Except as provided in the subdivision (a) (1) of this rule, an action shall not be dismissed at a party’s instance except on order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served by a defendant prior to the service upon him of the plaintiffs notice of dismissal, the action shall not be dismissed against defendant’s objections unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
(b)Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that upon the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving his right to offer evidence in the event the motion is not granted. The court as trier of the facts may then determne them and render judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.
(c) Dismissal of Counterclaim, Cross-Claim or Third Party Claim. The provisions of this rule apply to the dismissal of any counterclaim, cross-claim or third party claim.
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
(e) Failure to Prosecute. All actions in which it does not affirmatively appear from some action taken by filing of pleadings, order of court or otherwise that the same is. being prosecuted for a period of one year shall be deemed abated for want of prosecution and shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after notice to the parties; provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any party within one-month after such order of dismissal.
Committee Note: See- Federal Rules 41 and 45.19(1) F.S.
RULE 1.430. DEMAND FOR JURY TRIAL — WAIVER'..
(a) Right Preserved: The- right of trial’ by jury as declared, by the- Constitution, or *625 by statute shall be preserved to the parties inviolate.
(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than ten days after the service of the last pleading directed to such issue. The demand may be indorsed upon a pleading of the party.
(c) Specification of Issues. In his demand a party may specify the issues which he wishes so tried; otherwise, he is deemed to demand trial by jury for all issues so triable. If he has demanded trial by jury for only some of the issues, any other party may serve a demand for trial by jury of any other or all of the issues triable by jury ten days after service of the demand or such lesser time as the court may order.
(d) Waiver. The failure of a party to serve a demand as required by this rule shall constitute a waiver by him of trial by jury. If waived, a jury trial may not be granted without the consent of the parties. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.
Committee Note: Common Law Rule 31.
RULE 1.440. SETTING CASES FOR TRIAL.
(a) When at Issue. An action is at issue after any motions directed to the last pleading served have been disposed of or if no such motions are served, twenty days after service of the last pleading.
(b) Notice that Cause is at Issue. Thereafter any party may file and serve a motion that the action be tried and thereupon the clerk shall notify the court and the action shall be set for trial as provided in subdivision (c) of this rule.
(c) When Set. When the motion that the action be tried is filed, the court shall set the action for trial and notify all parties in writing of the trial date; provided no-trial date shall be less than thirty days from the service of notice of the trial date unless all parties agree to a shorter time. An. action shall not be set for trial if the parties so stipulate with the approval of the court. By giving the same notice the court may set a case for trial of its own motion..
Committee Note: New rule in 1965.
RULE 1.450. EVIDENCE.
(a) Adverse Witness. A party may interrogate any unwilling or hostile witness by-leading questions. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party and the witness-thus called may be contradicted and impeached by or on behalf of the adverse party also and may be cross-examined by the adverse party only upon the subject matter of his examination in chief.
(b) Record of Excluded Evidence. In an. action tried by a jury if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness. The court may require the offer to be made out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered,, the objection made and the ruling thereon. In actions tried without a jury the same procedure may be followed except that the court upon request shall take and report the evidence in full unless it clearly appears-that the evidence is not admissible on any ground or that the witness is privileged.
(c) Filing. When documentary evidence is introduced in an action, the clerk or the judge shall endorse an identifying number or symbol on it and when proffered or ad *626 mitted in evidence, it shall be filed by him and considered in the custody of the court and not withdrawn except with written leave of court.
(d) Disposal. The clerk shall retain exhibits introduced in evidence or marked for identification; provided (1) that the court may order any such exhibit returned to either party and (2) the clerk may destroy or dispose of such exhibits under order of court after notice to all parties or by stipulation of the parties.
Committee Note: Adaptation of Common Law Rules 37 and 38 and Federal Rule 43(b) and (c).
RULE 1.460. CONTINUANCES.
(a) Motion For. A motion for continuance may be made only before or at the time the case is set for trial, unless good cause for failure to do so is shown or unless the ground for the motion arose after the action was set for trial.
(b) Contents. The motion shall be in writing. It shall state fully and clearly all of the facts which the movant conceives may entitle him to a continuance. If continuance is sought on the ground of nonavailability of a witness, the motion must show when it is believed the witness will be available.
(c) For What Time. No continuance shall be granted for any longer time than the ends of justice require.
Committee Note: Adaptation of Common Law Rule 34.
RULE 1.470. EXCEPTIONS UNNECESSARY.
(a)Adverse Ruling. For appellate purposes no exception shall be necessary to any adverse ruling, order, instruction or thing whatsoever said or done at the trial or prior thereto or after verdict, which was said or done after objection made and considered by the trial court and which affected the substantial rights of the party complaining and which is assigned as error.
(b) Instructions To Jury. Not later than at the close of the evidence, the parties shall file written requests that the court charge the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall inform counsel of such general charges as it will give. No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same. The court shall charge the jury after the arguments are completed.
(c) Orders on New Trial, Directed Verdicts, etc. It shall not be necessary to object or except to any order granting or denying motions for new trials, directed verdicts or judgments non obstante vere-dicto or in arrest of judgment to entitle the party against whom such ruling is made to have the same reviewed by an appellate court.
Committee Note: Common Law Rule 39.
RULE 1.480. MOTION FOR A DIRECTED VERDICT.
(a) Effect. A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made. The denial of a motion for a directed verdict shall not operate to discharge the jury. A motion for a directed verdict shall state the specific grounds therefor. The order directing a verdict is effective without any assent of the jury.
(b) Reservation of Decision on Motion. When a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to *627 the jury subject to a later determination of the legal questions raised by the motion. Within ten days after the reception of a verdict a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict or if a verdict was not returned, such party may move for judgment in accordance with the motion for a directed verdict within ten days after the jury has been discharged.
(c)Joined with Motion for New Trial. A motion for a new trial may be joined with this motion or a new trial may be requested in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.
Committee Note: Common Law Rule 40.
RULE 1.490. MASTERS.
(a) General Masters. Judges of the circuit court may appoint as many general masters in chancery from among the members of the bar in such circuit as the judges find necessary, and such general masters shall continue in office until removed by the court. The appointment shall be recorded. Every person appointed as general master in chancery shall take the oath required of officers by the Constitution of Florida and the oath shall be recorded before the master discharges any duties of his office.
(b) Special Masters. The court may appoint members of The Florida Bar as special masters in chancery for any particular service required by it, and they shall be governed by all the provisions of law and rules relating to masters in chancery except that they shall not be required to make oath or give bond unless required by the court. Upon a showing that such appointment is advisable, a person other than a member of the bar may be appointed as special master.
(c) Reference. When a reference is made to a master, the party at whose instance or for whose benefit the reference is made shall present the matter to the master for hearing with reasonable dispatch. If such party omits to do so, any other party may commence proceedings before the master at the cost of the party procuring the reference.
(d) General Powers and Duties. Every master in chancery shall perform, under the direction of the court, all the duties which pertain to the office according to the practice in chancery. Process issued by a master shall be directed to all and singular the sheriffs of the State. Hearings before any master, examiner or commissioner shall be held in the county in which the action is pending, except that hearings may be held at any place by leave of court or stipulation of the parties within or without the State to meet the convenience of the witnesses or the parties. All grounds of disqualification of a circuit judge shall apply to masters.
(e) Bond. The court may require masters in chancery who are appointed to dispose of real or personal property or appointed as receivers or when not otherwise provided by law to give bond and surety in such manner and with such penalty for the payment of all moneys which may come into their hands and for the due performance of their duties as the court may direct. Such bond shall be made payable to the State of Florida and shall be for the benefit of all persons aggrieved by any act of the person required to give such bond.
(f) Hearings. Upon every reference the master shall assign a time and place for proceedings as soon as he reasonably can after it is brought before him and give notice to each of the parties and if any party fails to appear, the master may proceed ex parte or in his discretion, may *628 adjourn the proceedings to a future day, giving notice to the absent party of such adjournment. The master shall proceed with reasonable diligence in every reference and with the least practicable delay. Any party may apply to the court for an order to the master to speed the proceedings and to make his report and to certify to the court the reason for any delay. The evidence in all examinations shall be taken down in writing by the master or by some other person by his authority in his presence and shall be filed with his report.
(g) Procedure. The master shall regulate all the proceedings before him. He shall have full authority to examine the parties on oath upon all matters contained in the reference and to require production of all books, papers, writings, vouchers and other documents applicable thereto and to examine on oath orally all witnesses produced by the parties before him or by deposition or otherwise and to direct the manner in which the matters requiring evidence are proved before him and generally to do all other acts and direct all other inquiries and proceedings which he may deem necessary and proper.
(h) Form of Accounts. All parties accounting before a master shall bring in their accounts in the form of accounts payable and receivable and any other parties who are not satisfied with the account may examine the accounting party orally or upon interrogatories or by deposition as the master directs.
(i) Former Proofs May Be Used. All affidavits, depositions and documents which have been made, read or used previously in the action may be used before the master.
(j) Claimants Examinable by Master. The master may examine any creditor or other person claiming before him either on written interrogatories or orally or both.
(k) Master’s Report. In the reports made by the master no part of any statement of facts, account, charge, affidavit, .deposition, examination or answer used before him shall be recited. Such matters shall be identified to inform the court what items were used.
(1)Filing of Master’s Report; Notice; Exceptions; Hearing. The master shall file his report in the clerk’s office and serve copies on the parties. The parties may serve exceptions to the report within ten days from the time it is served on them. If no exceptions are filed within said period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.
Committee Note: Taken from Equity Rules 54 through 65.
RULE 1.500. DEFAULTS AND FINAL JUDGMENTS THEREON.
(a) By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered.
(d) Setting Aside Default. The court may set aside a default and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rule 1.540(b).
(e) Final Judgment. Final judgments after default may be entered by the court at any time but no such judgment may be en *629 tered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator ■or other representative who has appeared therein. If it is necessary to take an account or to determine the amount of damage ■or to establish the truth of any averment by evidence or to make an investigation of .any other matter to enable the court to ■enter judgment or to effectuate it, the court -may receive affidavits, make references or •conduct hearings as it deems necessary and -proper and shall accord a right of trial by jury to the parties when required by the ■Constitution or any statute.
Committee Note: Adapted from Federal .Rule 55.
RULE 1.510. SUMMARY JUDGMENT.
(a) For Claimant. A party seeking to recover upon a claim, counterclaim, cross-claim or third party claim or to obtain a ■declaratory judgment may move for a summary judgment in his favor upon all or any ■part thereof with or without supporting .affidavits at any time after the expiration •of twenty days from the commencement ■of the action or after service of a motion for summary judgment by the adverse party
(b) For Defending Party. A party .against whom a claim, counterclaim, cross-•claim or third party claim is asserted or a •declaratory judgment is sought may move for a summary judgment in his favor as to all or any part thereof at any time with •or without supporting affidavits.
(c) Motion and Proceedings Thereon. ’The motion shall be served at least twenty ■days before the time fixed for the hearing. The adverse party may serve opposing affidavits prior to the day of hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine3 issue as to the amount of damages.
(d) Case Not Fully Adjudicated- on Motion. On motion under this rule if judgment is not rendered upon the whole case or for all the relief asked and a trial or the taking of testimony and a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy including the extent to which the amount of damages or other relief is not in controversy and directing such further proceedings in the action as are just. On the trial or final hearing of the action the facts so specified shall be deemed established and the trial or final hearing shall be conducted accordingly.
(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories or by further affidavits.
(f) When Affidavits Are Unavailable. If it appears from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affi *630 davits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
(g) Affidavits Made in Bad Faith. If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees, and any offending party or attorney may be adjudged guilty of contempt.
Committee Note: Consolidation of Common Law Rule 43 and Equity Rule 40, with subsection (h) of Equity Rule 40 dropped.
RULE 1.520. VIEW.
Upon motion of either party the jury may be taken to view the premises or place in question or any property, matter or thing relating to the controversy between the parties when it appears that view is necessary to a just decision but the party making the motion shall advance a sum sufficient to defray the expenses of the jury and the officer who attends them in taking the view, which expense shall be taxed as costs if the party who advanced it prevails.
RULE 1.530. MOTIONS FOR NEW TRIALS AND REHEARING; AMENDMENTS OF JUDGMENTS.
(a) Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
(b) Time for Motion. A motion for a new trial or for rehearing shall be served not later than ten days after the rendition of verdict or the entry of judgment. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.
(c) Time for Serving Affidavits. When a motion for a new trial is based on affidavits, they shall be served with the motion-The opposing party has ten days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding twenty days either by the courfr for good cause shown or by the parties-by written stipulation. The court may permit reply affidavits.
(d) On Initiative of Court. Not later-than ten days after entry of judgment or-within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a. rehearing or a new trial on motion of a party.
(e) When Motion for Unnecessary ;■ Non-Jury Case. When an action has been-tried by the court without a jury, the sufficiency of the evidence to support the-judgment may be raised on appeal by an-assignment of error whether or not the-party raising the question has made any-objection thereto in the trial court or made a motion for rehearing, new trial or to-alter or amend the judgment.
(f) Order Granting to Specify Grounds.. All orders granting a new trial shall specify the particular and specific grounds therefor.
(g) Motion to Alter or Amend a Judg-ment. A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment except that this rule does not affect the remedies in Rule 1.540(b).
Committee Note: See Federal Rules 59” and 52(b).
*631 RULE 1.540. RELIEF FROM JUDGMENT, DECREES OR ORDERS.
(a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative ■or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.
Writs of coram nobis, coram vobis, audi-ta querela and bills of review and bills in the nature of a bill of review are abolished and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.
Committee Note: Substantially the same as Federal Rule 60.
RULE 1.550. EXECUTIONS AND FINAL PROCESS.
(a) Issuance. Executions on judgments shall issue on the request of the party entitled thereto or his attorney without prae-cipe. No execution or other final process shall issue until tire judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing and if a motion for new trial or rehearing is timely served, until it is determined; provided execution may be issued on special order of the court.
(b) Stay. The court before which an execution or other process based on a final judgment is returnable may stay such execution or other process and suspend proceedings thereon for good cause on motion and notice to all adverse parties.
Committee Note: Common Law Rule 50. See also Sections 62.16 F.S. Subsection (b) is Section 55.38 F.S.
RULE 1.560. DISCOVERY IN AID OF EXECUTION.
In aid of a judgment, decree or execution the judgment creditor or his successor in interest, when that interest appears of record, may examine any person, including the judgment debtor, in the manner provided in these rules for taking depositions.
Committee Note: See Federal Rule 69 (a).'
RULE 1.570. ENFORCEMENT OF FINAL JUDGMENTS.
Final process to enforce any judgment may be by execution or other appropriate *632 process or proceedings if the judgment is solely for the payment of money. If the judgment is for the performance of any specific act, as for example, for the execution of a conveyance of land or the delivering of deeds or other documents, the judgment shall prescribe the time within which the act shall he done and upon affidavit that the judgment has not been complied with within the prescribed time, the clerk shall issue a writ of attachment against the delinquent party, from which he shall not be discharged except upon a full compliance with the judgment and the payment of all costs or upon a special order of the court enlarging the time for the performance thereof. If the delinquent party cannot be found, a writ of sequestration shall issue against his estate to compel obedience to the judgment. When a judgment is made for a conveyance, release or acquittance of land or any interest therein and the party against whom the judgment is entered does not comply therewith by the time prescribed, then such judgment shall be considered to have the same operation and effect as if the conveyance, release or acquittance had been executed conformably to it; notwithstanding any disability of such parties by infancy, lunacy, coverture or otherwise. If any other judgment, injunction or mandatory order for the specific performance of any act or contract is not complied with, the court may hold the disobedient party for contempt or may sequestrate his property or order that the act required be done, so far as practicable, by some other person appointed by the court at the cost of the disobedient party and the act, when so done, shall have like effect as if done by such party.
Committee Note: Equity Rule 67.
RULE 1.580. WRIT OF ASSISTANCE.
When any judgment or order is for the delivery of possession, upon affidavit of a demand and refusal to obey the judgment or order, the party prosecuting the-same shall be entitled to a writ of assistance issued by the clerk on order of the-court.
Committee Note: Equity Rule 69.
RULE 1.590. PROCESS IN BEHALF' OF AND AGAINST PERSONS NOT PARTIES.
Every person who is not a party to the-action who has obtained an order, or m whose favor an order has been made, may enforce obedience to such order by the same process as if he were a party and every person, not a party, against whom obedience to any order may be enforced shall be liable to the same process for enforcing obedience to such orders as if he-were a party.
Committee Note: Equity Rule 72.
RULE 1.600. DEPOSITS IN COURT.
In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and by leave of court. Money paid into court under this rule shall be deposited and withdrawn by order of court.
Committee Note: See Federal Rule 67.
RULE 1.610. INJUNCTIONS.
(a) Issuance. No injunction shall be granted until a complaint therefor is filed.
(b) Temporary Injunction; Notice; Bond. No temporary injunction shall be granted except after notice to the adverse party unless it is manifest from the allegations of a verified complaint or supporting affidavits that the injury will be done if an immediate remedy is not afforded and in such event the court may grant a tem *633 'porary injunction until a hearing or fur■ther order of court. When a temporary injunction is granted, the court shall require the party obtaining it to give bond •conditioned for the payment of such costs and damages as may he incurred or suffered by any party who is wrongfully enjoined unless the court, after taking evi•dence from all parties of the truth of the complaint and the fact that the party seeking the temporary injunction is unable to .give bond, finds such to be true, in which event a temporary injunction without bond •may be granted. When any injunction is issued on the complaint of a municipality ■or the State or any officer, agency or political subdivision thereof, the Court, in its • discretion having due regard to the public •interest, may require or dispense with the •requirement of a bond, with or without ■surety, and conditioned as the circum- ■ stances may require.
(c) Motion to Dissolve. Any party .against whom an injunction has been grant•ed may move to dissolve it at any time.
(d) Evidence. Either party may present ■evidence at any hearing on an application for or motion to dissolve an injunction. On hearing the court may grant, dissolve or • continue the injunction or may require bond.
(e) To Stay Other Proceedings. No injunction to stay other proceedings shall issue except on motion and notice to the adverse party, nor unless the party applying •therefor has previously paid all costs of the other proceeding and gives a bond pay-able to the adverse party in the other proceeding and conditioned (1) to pay to plaintiff all damages, losses, expenses and charges which he may have sustained or have been put to by reason of the issuing of the injunction if the injunction is dissolved or if the complaint upon which it was granted is dismissed, if the application is to stay proceedings before verdict or in■quest of damages; or (2) to pay the debt, interest and such damages as may be occasioned by the wrongful issuing of said injunction if said injunction is dissolved or the complaint upon which it is granted is dismissed if the application is to stay the proceedings after verdict or inquest of damages.
Committee Note: Equity Rule 73. See also Federal Rule 65(c) and 64.01 through 64.06 F.S.
RULE 1.620. RECEIVERS.
(a) Notice. The provisions of Rule 1.610 as to notice shall apply to applications for the appointment of receivers.
(b) Report. Every receiver shall file in the clerk’s office a true and complete inventory under oath of the property coming under his control or possession under his appointment within twenty days after his appointment. Every three months unless the court otherwise orders the receiver shall file in the same office an inventory and account under oath of any additional property or effects which he has discovered or which shall have come to his hands since his appointment and of the amount remaining in his hands or invested by him and of the manner in which the same is secured or invested, stating the balance due from or to him at the time of rendering his last account and his receipts and expenditures since that time. When a receiver neglects to file the inventory and account, the court shall enter an order requiring the receiver to file such inventory and account and to pay out of his own funds the expenses of the order and the proceedings thereon within not more than twenty days after service of a copy of such order upon him.
(c) Bond. The court may grant leave to put the bond of the receiver in suit against the sureties without notice to the sureties of the application for such leave.
Committee Note: Adaptation of Equity Rule 74.
RULE 1.630. SCIRE FACIAS.
All writs of scire facias shall be returnable and served in the same manner as *634 summons. The rules about time and manner of pleading shall apply as in other actions.
Committee Note: Common Law Rule 52.
RULE 1.640. CERTIORARI.
(a) Petition to be Supported by Transcript or Original Record and Brief. An application for a writ of certiorari to the circuit court shall be made by petition filed within sixty days from the date of the proceeding, order, judgment or decree sought to be reviewed. It shall be accompanied by either the original record or a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential. Unless shown by another party to be necessary, no other record shall be required. The petition shall contain a concise statement of the proceeding and the reasons relied on for granting the writ and shall be accompanied by a supporting brief.
(b) Respondent to be Served with Petition and Transcript. A copy of the petition, the supporting brief and the transcript, if made, shall be served on the defendant at the time notice of application for the writ is filed with the clerk.
(c) Respondent’s Brief — When Filed. The defendant shall serve his brief in opposition to the writ within ten days after he has been served with petitioner’s brief.
Committee Note: Common Law Rule 55.
RULE 1.650. PROHIBITION.
(a)Petition For. An application for writ of prohibition in the circuit court shall be made by petition stating the nature of the proceeding sought to be prohibited. The petition shall state the nature of the action and the proceedings in the court or body presuming to exercise the jurisdiction sought to be prohibited. The original record or any transcript shall be transmitted with the petition in the same form and manner as required by Rule 1.640(a) for cer-tiorari.
(b) Issuance of Order. If the petition makes a prima facie case, the court may issue an order to the defendants, commanding them to show cause on a day certain why the writ should not be granted.
(c) Defendant’s Return. Not later than; the return day the defendant shall serve-such pleadings as they deem proper.
Committee Note: Common Law Rule 56i.
RULE 1.660. MANDAMUS.
(a) Petition For — Alternative Writ. Proceedings in mandamus in the circuit court shall be instituted by petition stating-briefly the basis for the relief sought. If' the petition makes a prima facie case, the court may either issue the alternative writ or an order to show cause why an alternative writ should not be granted returnable-on a day certain.
(b) Defendant’s Return — When. After the alternative writ issues, the defendant shall plead thereto as he deems proper on. or before the return day.
(c) Amendments. When any alternative-writ of mandamus is issued, the court shall' allow such writ to be amended upon request of the petitioner without amending the petition.
(d) Issuance of Peremptory Writ. Whe® any such writ is well founded, a peremptory writ may issue without further amendments to the extent that the writ is well1 founded.
Committee Note: Common Law Rule 57.
RULE 1.670. QUO WARRANTO.
(a) By Whom Instituted. Proceedings in quo warranto, including informations in the nature of quo warranto, may be instituted in the circuit court by petition in the name of the State by the Attorney Gen *635 •eral or by any person claiming title to the -office or franchise on the refusal of the Attorney General.
(b) Governed by Rules on Mandamus. The petition shall conform with statutes governing quo warranto. Rule 1.660 shall ■apply to and govern as near as may be the pleadings and procedure in quo warranto.
(c) Judgment of Ouster. When any -such petition is well founded, a judgment of ouster may issue without further amend-ments to the extent that such petition is well founded.
Committee Note: Common Law Rule .58.
RULE 1.680. CONSTITUTIONAL STAY WRITS.
(a) After Appeal and Notice. Application for constitutional or other writs necessary to the complete exercise of the juris•diction of the circuit court may be entertained by said court only after reasonable notice of the application for such writ has been given to other parties.
(b) Final Adjudication on Merits. When. If it appears on the application for the writ that the ends of justice will be -served best by disposing of the action on the merits, the court may deny the appli•cation and proceed accordingly.
Committee Note: Taken from Common -Law Rule 60.
RULE 1.690. ATTACHMENT.
When Returnable, Property Seized. A writ of attachment is returnable when fully executed or when the officer is convinced that no property can be found. If property is seized tinder the writ, the writ shall be returned when the property seized finally passes from the lien of said writ and control of the officer levying it. At the time of each action taken under said writ, the officer shall endorse such action thereon.
Committee Note: Common Law Rule 44.
■ RULE 1.700. EJECTMENT.
(a) Landlord Not a Defendant. When it appears before a trial that a defendant in an action of ejectment is in possession as a tenant only and that his landlord is not a party to the action, the landlord shall be made a party before further proceeding unless otherwise ordered by the court.
(b) Defense May Be Limited. Any defendant in an action of ejectment may limit his defense to a part of the property mentioned in the complaint, describing such part with reasonable certainty.
Committee Note: Common Law Rule 46.
(c) Writs of Possession — Execution to Be Joint or Several. When the plaintiff recovers in ejectment, he may have one writ for possession and damages and costs or, if he so elects, have separate writs, one for possession and one for damages.
Committee Note: Common Law Rule 47.
(d) Chain of Title. The plaintiff with his complaint and the defendant with his answer shall serve a statement setting forth chronologically the chain of title on which he will rely at the trial. If any part of the chain of title is recorded, the statement shall set forth the names of the grantors and the grantees and the book and page of the record thereof; if an unrecorded instrument is relied on, a copy shall be attached. The court may require the original to be submitted to the opposite party for inspection. If the party relies upon a claim or right without color of title, such statement shall specify how and when such claim originated and the facts upon which such claim is based. If the defendant and plaintiff claim under a common source, the statement need not deraign title prior to such common source.
(e) Testing Sufficiency. If either party desires to test the legal sufficiency of any instrument or court proceeding in the chain of title of the opposite party, he shall do so before trial by motion setting up his objections with a copy of such instrument or court proceedings attached. The motion *636 shall be disposed of before trial. If either party determines that' he will be unable to maintain his claim by reason of such order, he may so state in the record and final judgment shall thereupon be entered for the opposite party.
Committee Note: Common Law Rule 48.
RULE 1.710. GARNISHMENT.
(a) Time for Traverse. When any garnishee answers and the plaintiff is not satisfied with the answer, he shall serve a statement within ten days thereafter traversing the allegations of the answer in such particulars as he desires. On failure of the plaintiff to file such traverse, the answer shall be taken as true and on proper disposition of the assets, if any are disclosed thereby, the garnishee shall be entitled to an order as of course discharging him from further liability under the writ.
(b) Default, Scire Facias and Judgment. If the garnishee fails to appear or answer as required, a default and judgment shall be entered against him for the amount of plaintiff’s claim together with interest. On the entry of judgment a scire facias shall issue against the garnishee returnable within ten days and in the case of failure sufficiently to answer the scire facias, a final judgment shall be entered against said garnishee; provided that no final judgment against a garnishee shall be entered before the entry of, or in excess of, the final judgment against the original defendant together with interest and costs.
Committee Note: Common Law Rule 49.
RULE 1.720. HABEAS CORPUS.
(a) Notice to Prosecuting Attorney. If the validity of any statute, criminal law proceeding or conviction is attacked by habeas corpus in the circuit court, notice of the application for the writ shall be given to the prosecuting attorney of the court in which the statute under attack is being applied, the criminal law proceeding is being maintained or the conviction has occurred.
(b) Defendant’s Return. When the writ is issued the court shall set an early return date, at which time the formal return of the defendant shall be made. In the absence of a motion to quash or a motion for discharge notwithstanding the return, issue shall be deemed joined when the return is filed and the cause shall be considered as ready for final disposition.
Committee Note: Common Law Rule 59.
SUBCOMMITTEE NOTE
The foregoing consolidation of civil procedure rules for law and chancery is basically the 1965 Florida Rules of Civil Procedure which become effective January 1, 1966.
In the consolidation the following rules which are now in force were omitted. The reason for omission is given opposite each rule. Rule numbers are those of the 1965 rules.
Rule Reason for Omission
1.1(e) It is combined with Rule 1.1(d) in new Rule 1.020(d).
1.2(b) Separate law and equity dockets are not appropriate after consolidation.
1.2(c) Docketing special statutory proceeding at common law is impossible under consolidation.
1.4(f) (2) The rule is unnecessary.
1.14(c) To the extent this rule grants the court authority to strike, it is superfluous and the remainder is no longer necessary.
1.39(a) Transfers between law and chancery are unnecessary.
*637 Rule Reason for Omission
2.4(c) Service of motions is covered by Rule 1.4 including motions for a continuance.
2.10(b) Provision for attachment procedure to follow that in personal actions is covered by Rule A.
2.11(b) thru Substitution and adding parties in ejectment, as well as (g) other cases, is covered by. Rules 1.18 and 1.19.
2.14 The judgment and execution docket is partly covered by the progress docket of the clerk required by 28.21(2) Florida Statutes and otherwise by the sheriffs execution docket required by 30.17 Florida Statutes.
2.16 Provision that the rule governing an extraordinary remedy shall be applicable when the rule itself is set forth is redundant.
3.1 The rule that nominal parties need not answer the complaint in chancery is obsolete. The procedure on nominal parties should be the same as that on all other parties.
3.2 A rule stating the substantive law that a plaintiff may sue one or more parties on joint and several demands is unnecessary.
3.7 Joinder of causes of action is covered by Rule 1.8(g) except to the extent that Rule 3.7 conflicts with it and to this extent, it should be repealed.
3.16 Petitions for rehearing are covered in the rule on motions for new trial.
The following have been added to the consolidation. The proposed rule number is given and the reason for its inclusion is set opposite each proposal.
Rule Reason for Inclusion
1.030(e) This sets out the existing law for substitution of attorneys as stated in Diem v. Diem, 136 Fla. 824, 187 So. 569 and other cases. The rule is recommended to make the ruling readily available to the practitioner.
1.110(d) The last sentence has been added to the present Rule 1.8 (d) to permit a motion to dismiss for failure to state a cause of action to take advantage of an affirmative defense appearing on the face of the pleading to which the motion is directed. If the pleader affirmative show that he has no claim in his pleading, the claim should be disposed of at the earliest possible stage. This will eliminate the conflicts between Tuggle v. Maddox, Fla., 60 So.2d' 158; Hinchee v. Fisher, Fla., 93 So.2d 531; Flye v. Jef-fords, Fla.App., 106 So.2d 229; Fletcher v. Williams, Fla.App., 153 So.2d 759 and Martin Const. Co. v. Highway Equipment Supply Co., Fla.App., 172 So.2d 246.
1.390(b) The last sentence eliminates the confusion about introduction of expert’s depositions resulting from Cook v. Lichtblau, Fla.App., 176 So.2d 523 and permits the intent of rule to control as shown by its earlier legislative history.
*638 Rule Reason for Inclusion
1.410(b) Provision for a notice to produce at trial which can be served on the opposing attorney in lieu of a subpoena duces tecum being served on the party has been made. It is intended to make the procedure for obtaining documentary evidence for trial easier.
1.040 This is Federal Rule 2 and provides for one form of action.
1.600 This is Federal Rule 67 and provides for deposits in court It merely declares the law of Florida set out in Phipps v. Watson, 108 Fla. 547, 147 So. 234 as that case relates to procedure.
1.650 The last sentence paraphrases 80.06 FS which sets out the requirements for the petition for prohibition.
A new default rule (Rule 1.500) based on Federal Rule 55 is proposed as a substitute for Rules 2.9, 3.9, 3.10 and 3.11. The only substantial difference between the proposal and the federal rule is one which forbids the clerk to enter a default against a party who has appeared. The court is required to enter such a default after notice and to this extent the proposal is intended to overrule Capers v. Lee, Fla., 91 So.2d 337. The proposal will eliminate entry of final judgments consequent on default by clerks.
Rule 3.14 about masters in chancery has not been revised since 1873. Much of the language is archaic and many of the subdivisions of the rule duplicate each other. Some of the provisions are obsolete. The duplication and obsolete provisions have been removed and the entire rule framed in more modern language.
Many other minor changes in style, grammar and punctuation have been made throughout the rules. None of these changes affect the meaning or intent of any rule.
The last sentence in Rule 1.420(a) (1) has been added to clarify the status of a lis pendens when an action is voluntarily dismissed.
PROPOSED FORMS FOR USE WITH THE RULES OF CIVIL PROCEDURE
Submitted by The Florida Bar January 31, 1966
The following forms of process shall be sufficient in all actions. Departures from these forms shall not void papers which are otherwise sufficient and the forms may be varied when necessary to meet the facts of a particular case.
The following forms of complaints and petitions are sufficient for the types of cases which they respectively cover. They are intended for illustration only. They and like forms may be used with such modifications as may be necessary to meet the facts of each particular case so long as the substance thereof is expressed without prolixity

*639

SUMMONS
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:
YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above styled cause upon the defendant-
Each defendant is hereby required to serve written defenses to said complaint or petition on_, plaintiff’s attorney, whose address is-, within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiff’s attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint or petition.
WITNESS my hand and the seal of said Court on_, 19-
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk

CROSS-CLAIM SUMMONS
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:
YOU ARE HEREBY COMMANDED to serve this summons and a copjr of the cross-claim in the above styled cause upon the defendant_
Said defendant is hereby required to serve written defenses to said cross-claim on -, defendant’s attorney, whose address is-, and on_, plaintiff’s attorney, whose address is -, within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on defendant’s attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the cross-claim.
WITNESS my hand and the seal of said Court on_, 19_
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk

THIRD PARTY SUMMONS
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:
YOU ARE HEREBY COMMANDED to serve this summons and a copy of the *640 third party complaint or petition in the above styled cause upon the third party defendant —
Each third party defendant is hereby required to serve written defenses to said third party complaint or petition on _, plaintiff’s attorney, whose address is-, and on-, defendant’s attorney, whose address is _, within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on said attorneys or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the third party complaint or petition.
WITNESS my hand and the seal of said Court on-, 19 — .
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk

WRIT OF ATTACHMENT AND SUMMONS
THE STATE OF FLORIDA:
To all and Singular the Sheriffs of said State:
YOU ARE HEREBY COMMANDED to attach and take into custody so much of the lands, tenements, goods and chattels of defendant
as will be sufficient to satisfy the sum of $_and costs, and to serve this summons and a copy of the complaint in the above styled cause upon the defendant
Each defendant is hereby required to serve written defenses to said complaint on _, plaintiff’s attorney, whose address is _, within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiff’s attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.
WITNESS my hand and the seal of said Court on-, 19__
(Name of Clerk)
As Clerk of said Court
By
As Deputy Clerk

WRIT OF ATTACHMENT AND SUMMONS
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:
YOU ARE HEREBY COMMANDED to take and hold the following described property:
or so much thereof as can be found sufficient to satisfy the debt to be foreclosed, and to serve this summons and a copy of the complaint in the above styled cause *641 upon the defendant
Each defendant is hereby required to serve written defenses to said complaint on _, plaintiff’s attorney, whose address is _, within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiff’s attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.
WITNESS my hand and the seal of said Court on_, 19_.
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk

WRIT OF GARNISHMENT
THE STATE OF FLORIDA:
T-o All and Singular the Sheriffs of said State:
YOU ARE HEREBY COMMANDED to summon the garnishee, _, to serve upon_, plaintiff’s attorney, whose address is _, and file with the Clerk of said Court either before service or immediately thereafter an answer to this writ within 20 days after service upon said garnishee, exclusive of the day of service, and therein to state on oath whether said garnishee is at the time of the answer indebted to defendant- or was at the time of the service of the writ, or at any time between such periods, and, in what sum or sums, and what goods, money, chattels or effects of said defendant said garnishee has at the time of such answer in said garnishee’s hands, possession or control, or had at the time of the service upon said garnishee of said writ, or at any time between such periods, and whether said garnishee knows of any other person indebted to said defendant or who may have any of the effects of said defendant in his hands. The amount named in plaintiff’s affidavit in this action is $-
WITNESS my hand and the seal of said Court on_, 19_.
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk

WRIT OF REPLEVIN AND SUMMONS
TPIE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:
YOU ARE PIEREBY COMMANDED to replevy the goods and chattels in possession of the defendant
described as follows:
and to serve this summons and a copy of the complaint in the above styled cause upon the defendant_
Each defendant is hereby required to serve written defenses to said complaint on _, plaintiff’s attorney, *642 whose address is-, within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiffs attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.
WITNESS my hand and the seal of said Court on-, 19-
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk

DISTRESS WARRANT
THE STATE OF FLORIDA:
To All and Singular the Sheriff of said State:
YOU ARE HEREBY COMMANDED to levy on the property of defendant_
liable to be distrained for rent and collect the amount claimed in the affidavit filed in this action in the sum of $_together with interest and costs, or the value thereof, and to serve this summons and a copy of said affidavit upon said defendant.
Each defendant is hereby required to serve written defenses to said affidavit on _, plaintiff’s attorney, whose address is _, within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiff’s attorney or immediately thereafter. If you fail to do so, a default will be entered against you.
WITNESS my hand and the seal of said Court on-, 19 — .
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk

SUBPOENA
THE STATE OF FLORIDA:
TO:
YOU ARE HEREBY COMMANDED to appear before the Honorable-, Judge of said Court, at the-County Courthouse in -, Florida, on-, 19 — , at-M., to testify in the above styled cause. If you fail to appear, you may be in contempt of Court.
You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.
WITNESS my hand and the seal of said Court on-, 19-
(Name of Clerk)
As Clerk of said Court
By-.
As Deputy Clerk
Attorney for
Address

*643

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO:
YOU ARE HEREBY COMMANDED to appear before the Honorable_, Judge of said Court, at the_ County Courthouse in_, Florida, on-, 19_, at_M., to testify in the above styled cause and to have with you at said time and place the following :
If you fail to appear, you may be in contempt of Court.
You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.
WITNESS my hand and the seal of said Court on_, 19_
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk
Attorney for
Address

SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA:
TO:
YOU ARE HEREBY COMMANDED to appear before a person authorized by law to take depositions, at the _ County Courthouse in_, Florida, on-, 19 — , at-M., for the taking of your deposition in the above styled cause. If you fail to appear, you may be in contempt of Court.
You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.
WITNESS my hand and the seal of said Court on_, 19__
(Name of Qerk)
As Clerk of said Court
By-
As Deputy Clerk
Attorney for
Address

SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE OF FLORIDA:
TO:
YOU ARE HEREBY COMMANDED to appear before a person authorized by law *644 to take depositions, at the.County Courthouse in -, Florida, on-, 19 — , at-M., for the taking of your deposition in the above styled cause and to have with you at said time and place the following:
If you fail to appear, you may be in contempt of Court.
You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.
WITNESS my hand and the seal of said Court on-, 19 — .
(Name of Clerk)
As Clerk of s.aid Court
By-
As Deputy Clerk
Attorney for--
Address

EXECUTION
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State :
YOU ARE HEREBY COMMANDED to levy on the goods and chattels, lands and tenements of - in the sum of $_with legal interest thereon from_, 19_until paid and that you have this writ before said court when satisfied.
WITNESS my hand and the seal of said Court on-, 19 — .
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk

WRIT OF POSSESSION
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:
YOU ARE HEREBY COMMANDED to remove all persons from the following described property in-County, Florida:
and to put-in full possession thereof.
WITNESS my hand and the seal of said Court on-, 19-
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk

*645 WRIT OF ASSISTANCE
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:
YOU ARE HEREBY COMMANDED' to enter upon the following described property in_County :
and eject_and his agents and servants from said property and to place __ or his agents or attorneys in possession of said property in immediate, absolute, exclusive and peaceable possession thereof.
WITNESS my hand and the seal of said Court on -, 19 — .
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk

WRIT OF NE EXEAT
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:
YOU ARE HEREBY COMMANDED to request defendant_to give bond in the sum of $_payable to the Governor of Florida and his successors in office conditioned that said defendant will answer said plaintiff’s pleading in this action and will not depart from the state without leave of court and will comply with the lawful orders of this court and pay any judgment hereafter entered in this action, with sureties to be approved by the clerk of said court, and if said defendant refuses' to give such bond, you are commanded to arrest him and confine him in the-County jail until he gives such bond or until the further order of said court.
WITNESS my hand and the seal of said Court on-, 19-
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk
NOTE: The court may eliminate the requirement that the bond be to “pay any judgment hereafter entered in this action” in its discretion.

LIS PENDENS
TO THE DEFENDANT, C. D., AND ALL OTHERS WHOM IT MAY CONCERN:
YOU ARE HEREBY NOTIFIED of the institution of the above styled action by the above named plaintiff against you seeking (“to foreclose a mortgage on” or “to partition” or “to quiet title to” or “a divorce and relief concerning” or other type of action) the following property in - County, Florida:
(legal description of property)
DATED this _ day of _, 19__.
(Attorney’s signature)

*646

NOTICE OF SUIT
TO: C. D.
YOU ARE HEREBY NOTIFIED that an action for (“divorce” or “construction of will” or “reestablishment of a lost deed” or other type of action) has been filed against you and you are required to serve a copy of your written defenses, if any, to it on _, attorney for plaintiff, whose address is_and file the original with the clerk of the above styled court on or before-, 19 — ; otherwise a judgment may be entered against you for the relief demanded in the complaint or petition.
WITNESS my hand and the seal of said court on-, 19 — ,
(Name of Clerk)
As Clerk of Said Court
By-•
As Deputy Clerk
NOTE: This form must be modified to name the other defendants when there are multiple defendants and all are not served under the same notice. See 48.08(1) Florida Statutes, F.S.A.
Form 1.920 — Notice of Suit — Constructive Service — Property
Name of Court

NOTICE OF SUIT
TO: C. D.
YOU ARE HEREBY NOTIFIED that an action to (“enforce a lien on” or “foreclose a mortgage on” or “quiet title to” or “partition” or other type of action) the following property in- County, Florida:
(describe property)
has been filed against you and you are required to serve a copy of your written defenses, if any, to it on -, attorney for plaintiff, whose address is _ and file the original with the clerk of the above styled court on or before _, 19_; otherwise a judgment may be entered against you for the relief demanded in the complaint or petition.
WITNESS my hand and the seal of said court on-, 19 — .
(Name of Clerk)
As Clerk of said Court
By-
As Deputy Clerk
NOTE: This form must be modified to name the other defendants when there are multiple defendants and all are not served under the same notice. See 48.08(1) Florida Statutes, F.S.A.
Form 1.931
JURISDICTIONAL STATEMENT-LAW ACTIONS FOR DAMAGES
This is an action for damages which
(a) does not exceed $--
(b) exceeds $-.
(c) exceeds $-but does not exceed $-.
* * *
*647 Form 1.932
OPEN ACCOUNT
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action for damages which (insert jurisdictional amount).
2. There is now due, owing and unpaid from defendant to plaintiff $- according to the attached account with interest since-, 19 — .
WHEREFORE plaintiff demands judgment for damages against defendant.
NOTE: Always attach a copy of the account showing items, time of accrual of each and amount of each.
* * *
Form 1.933
ACCOUNT STATED
COMPLAINT
Plaintiff, A. B., sues defendant, C. D. and alleges:
1. This is an action for damages which (insert jurisdictional amount).
2. Before the institution of this action plaintiff and defendant had certain business transactions between them and on_, 19 — , they agreed to the balance resulting therefrom.
3. Plaintiff rendered a statement thereof to defendant, a copy being attached, and defendant did not object thereto.
4. There is now due, owing and unpaid from defendant to plaintiff $_ on said account stated with interest since -, 19-
WHEREFORE plaintiff demands judgment for damages against defendant.
NOTE: Always attach a copy of the account showing items, time of accrual of each and amount of each.
* * *
Form 1.934
PROMISSORY NOTE
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action for damages which (insert jurisdictional amount).
2. On _, 19_, defendant executed and delivered to plaintiff a promissory note, a copy being attached, in-County, Florida.
3. Defendant failed to pay
(a) said note when due.
(b) the installment payment due on said note on-, 19 — , and plaintiff elected to accelerate payment of the balance.
4. There is now due, owing and unpaid from defendant to plaintiff $_ on said note with interest since _, 19__
5. Plaintiff has obligated himself to pay his attorneys a reasonable fee for their services in bringing this action.
WHEREFORE plaintiff demands judgment for damages against defendant.
NOTE: Attach copy of note to each copy of the complaint. Use 3(a) or (b) and 5 as applicable.
Form 1.935
GOODS SOLD
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action for damages which (insert jurisdictional amount).
*648 2.There is now due, owing and unpaid from defendant to plaintiff $-with interest since _, 19 — , for the following goods sold and delivered by plaintiff to defendant between -, 19. — -, and -, 19_:
(list goods and prices)
WHEREFORE plaintiff demands judgment for damages against defendant.
Form 1.936
MONEY LENT
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action for damages which (insert jurisdictional amount).
2. There is now due, owing and unpaid from defendant to plaintiff $- for money lent by plaintiff to defendant on _, 19_, with interest thereon since -19 — .
WHEREFORE plaintiff demands judgment for damages against defendant.
Form 1.937
REPLEVIN
COMPLAINT
Plaintiff, A. B., sues Defendant, C. D., and alleges:'
1. This is an action to recover possession of personal property in -- County, Florida, which has a value of (insert amount).
2. Plaintiff is lawfully entitled to possession of the following personal property:
(list property)
of the value of $_
3. Said property has not been taken for any tax, assessment or fine levied by virtue of any law of this state nor seized under 1 any execution or attachment against the goods and chattels of plaintiff liable to execution.
4.Defendant has possession of and detains said property from plaintiff in _County, Florida.
WHEREFORE plaintiff demands judgment for possession of said property and! damages for its detention against defendant.
Form 1.938
FORCIBLE ENTRY AND DETENTION
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action to recover possession of real property unlawfully (forcibly) detained in_County, Florida.
2. Plaintiff is lawfully entitled to possession of the following real property in said county:
(Insert description of property)
3. Defendant has unlawfully (or forcibly) turned him out of and withholds possession of said property from plaintiff.
WHEREFORE plaintiff demands judgment for possession of said property and damages against defendant.
NOTE: Substitute “forcibly” for “unlawfully” or add it as an alternative when applicable.
Form 1.939
CONVERSION
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action for damages which (insert jurisdictional amount).
*649 2.On or about-, 19 — , defendant converted to his own use (insert description of property converted) of the value of $_ which was then the property of plaintiff.
WHEREFORE plaintiff demands judgment for damages against defendant.
Form 1.940
EJECTMENT
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action to recover real property in-County, Florida.
2. Defendant is in possession of the following real property in said county:
(described property)
to which plaintiff claims title as shown by the attached statement of plaintiff’s chain of title.
3. Defendant refuses to deliver possession of said property to plaintiff or pay him the profits thereof.
WHEREFORE, plaintiff demands judgment for possession of said property and damages against defendant.
Form 1.941
SPECIFIC PERFORMANCE
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action for specific performance of a contract to convey real property in -County, Florida.
2. On-, 19 — , plaintiff and defendant entered into a written contract, a copy being attached.
3. Plaintiff tendered the purchase price to defendant and requested a conveyance of the real property described in said contract but defendant refused to accept the tender or to make said conveyance.
4.Plaintiff offers to pay said purchase price.
WHEREFORE plaintiff demands that defendant be required to specifically perform said contract and judgment for damages.
Form 1.942
'
CHECK
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action for damages which (insert jurisdictional amount).
2. On -, 19 — , defendant executed a written order for the payment of $-, commonly called a check, a copy being attached, payable to the order of plaintiff and delivered it to plaintiff.
3. Said check was presented for payment to the drawee bank but payment was refused.
4. Plaintiff holds said check and it has never been paid; there is now due, owing and unpaid from defendant to plaintiff thereon the sum of $_with interest from-, 19_
WHEREFORE plaintiff demands judgment for damages against defendant.
Form 1.943
DIVORCE
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action for divorce.
2. Plaintiff has been a resident of Florida for more than six months next before filing this complaint.
*650 3. Plaintiff and defendant were duly married to each other on -, 19 — , at (place of marriage) and cohabited together as husband and wife until-, 19__
4. Defendant has been guilty of (extreme cruelty to plaintiff, habitual indulgence in a violent and ungovernable temper, habitual intemperance or wilful, obstinate and continued desertion of plaintiff for one year or adultery or other appropriate ground of divorce).
WHEREFORE plaintiff demands a divorce from defendant.
NOTE: Allegations about property, alimony, custody, attorney’s fees and temporary relief are omitted.
Form 1.944
MORTGAGE FORECLOSURE
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action to foreclose a mortgage on real property in - County, Florida,
2. On_, 19_, defendant executed and delivered a promissory note and a mortgage securing payment of the same to plaintiff, which mortgage was recorded on _, 19_, in Official Records Book _at page_of the public records of_County, Florida, and which mortgaged the property described therein, then owned by and in possession of said mortgagor — , a copy of said mortgage containing a copy of said note being attached.
3. Plaintiff owns and holds said note and mortgage.
4. Said property is now owned by defendant who holds possession.
5. Defendant has defaulted under said note and mortgage by failing to pay the payment due -, 19 — , and all subsequent payments.
6. Plaintiff declares the full amount due under said note and mortgage to be now due.
7. There is now due, owing and unpaid to plaintiff from defendant $_ on principal of said note and mortgage, interest as provided therein from _, 19_, and title search expense for ascertaining necessary parties to this suit.
8. Plaintiff has obligated himself to pay the undersigned attorneys a reasonable fee for their services herein.
WHEREFORE plaintiff demands an accounting of the sums due to plaintiff under said note and mortgage and, that if the same are not paid within the time set by this court, said property be sold to satisfy plaintiffs claims and, that if the proceeds of such sale are insufficient to pay plaintiffs claims, a deficiency decree be entered for the sums remaining unpaid against the defendant liable therefor and that the right, title, interest and estate of defendant and all persons claiming by, through or under defendant since the filing of lis pendens herein be foreclosed.
NOTE: This form is for installment payments with acceleration and omits allegations to eliminate junior encumbrances.
Form 1.94S
AUTOMOBILE NEGLIGENCE
COMPLAINT
Plaintiff, A. B., sues defendants, C. D. and E. F. and alleges:
1. This is an action for damages which (insert jurisdictional amount).
2. On or about-, 19_, defendant owned and operated a motor vehicle at __ in _, Florida.
*651 3. At said time and place defendant negligently operated or maintained said motor vehicle so that it collided with plaintiffs motor vehicle.
4. As a result plaintiff was injured in and about his body and extremities, suffered pain therefrom, incurred medical expense in the treatment of such injuries, suffered physical handicap and his working ability was impaired; said injuries are either permanent or continuing in their nature, and plaintiff will suffer such losses and impairment in the future; plaintiffs motor vehicle was damaged or he lost the value of his interest therein or the value of its use during the time required for necessary repairs to it.
WHEREFORE plaintiff demands judgment for damages against defendant.
NOTE: Allegations when owner and driver are different are omitted.
Form 1.946
NEGLIGENCE WHEN PLAINTIFF IS UNABLE TO DETERMINE WHO IS RESPONSIBLE
COMPLAINT
Plaintiff, A. B., sues defendants, C. D. and E. F. and alleges:
1. This is an action for damages which (insert jurisdictional amount).
2. On or about_, 19_, defendants, C. D. or defendant, E. F. or both defendants owned and operated motor vehicles at_in_, Florida.
3. At said time and place said defendants or one of them negligently operated or maintained said motor vehicle so that one or both of them collided with plaintiffs motor vehicle.
4. As a result plaintiff was injured in and about his body and extremities, suffered pain therefrom, incurred medical expense in the treatment of such injuries, suffered physical handicap and his working ability was impaired; said injuries are either permanent or continuing in their nature, and plaintiff will suffer such losses and impairment in the future; plaintiffs motor vehicle was damaged or he lost the value of his interest therein or the value of its use during the time required for necessary repairs to it.
WHEREFORE, plaintiff demands judgment for damages against defendant.
NOTE: Allegations when owner and driver are different are omitted.
Form 1.947
TENANT EVICTION
COMPLAINT
Plaintiff, A. B., sues defendant, C. D., and alleges:
1. This is an action to evict a tenant from real property in_County, Florida.
2. Plaintiff owns the following described real property in _ County, Florida:
(describe property)
3. Defendant has possession of said property under an agreement to pay rent of $- payable_
4. Defendant failed to pay rent due -, 19 — .
5. Plaintiff served defendant with notice on-, 19 — , to pay said rent or deliver possession but defendant refuses to do either.
WPIEREFORE plaintiff demands judgment for possession of said property against defendant.
*652 Form 1.948
THIRD PARTY COMPLAINT
THIRD PARTY COMPLAINT
Defendant and third party plaintiff, C. D., sues third party defendant, E. F., and alleges :
1. Plaintiff filed a complaint against defendant, C. D., a copy being attached.
2. (State the cause of action on which C. D. has against E. F. for all or part of what A. B. may recover from C. D. as in an original complaint.)
WHEREFORE defendant, C. D., demands judgment against the third party defendant, E. F., for all damages that are adjudged against defendant C. D. in favor of plaintiff.