ALLEN, Acting Chief Judge.
Appellant has appealed two adverse final orders. The first order appealed denied appellant’s Motion to Vacate Default. The second order struck appellant’s Answer and Counterclaim which the court said had been improperly filed.
Appellee filed a complaint against appellant on September 27, 1965, alleging that appellant had violated a contract to design renovations to a hotel and to give consultation and drawings for financing said renovations.
Appellant countered with certain motions which were ultimately denied on December 29, 1965. Appellant was given 20 days from that date to file an answer.
On April 19, 1966, appellant’s answer and counterclaim were filed, but appellee had caused a default to be entered by the clerk on January 25, 1966. Appellant filed a motion to vacate default on May 25, 1966, but before the matter could be called up for hearing, counsel for appellee passed away. Subsequently, on February 23, 1967, a hearing was held on the motion to vacate the default resulting in the orders appealed.
Appellant’s brief has presented three points for the court’s consideration. After hearing oral argument by counsel for the parties and carefully examing the record on appeal, we deem the third point to be determinative of this appeal. That third point is:
“Did the court err in failing to apply the 1967 Rules of Civil Procedure in the above case?”
We are constrained to hold that the court did err in not applying the 1967 Rules of Civil Procedure.
The Supreme Court’s order adopting the 1967 Florida Rules of Civil Procedure is found at 187 So.2d 598. In that order we note that the Court said:
“This compilation and revision shall govern all proceedings within the scope of these rules after midnight December 31, 1966.” (Emphasis ours.)
The hearing on the motion to vacate the default did not take place until February 23, 1967. This is a proceeding which comes within the purview of the 1967 Florida Rules of Civil Procedure and must be governed thereby.
Rule 1.500(b) of the 1967 Florida Rules of Civil Procedure, 31 F.S.A. provides:
“(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.”
Consequently, the other points raised now become moot. The order denying appellant’s motion to vacate the default is reversed with instructions to the court to con *545 duct a hearing on the motion in accordance with the 1967 Florida Rules of Civil Procedure.
Reversed.
SHANNON and HOBSON, JJ., concur.